FILED

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF WEST VIRGINIA
PROBATION OFFICE

APR **9** 2015

April 9, 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

320 W. PIKE ST., SUITE 110
CLARKSBURG 26301
304-624-5504

TERRY L. HUFFMAN
CHIEF PROBATION OFFICER
PO BOX 248
WHEELING, WV 26003
304-232-8474

PO BOX 127
ELKINS 26241
304-636-7277

217 W. KING ST., RM 310
MARTINSBURG 25401
304-267-0778

PLEASE REPLY TO:
Elkins

VIA EMAIL

Honorable John S. Kaull
United States Magistrate Judge
P.O. Box 2857
Clarksburg, WV 26302

RE:  SCHRADER, Jonathan
Docket No. 2:15CR00003-001

Dear Judge Kaull:

On April 6, 2015, the defendant, Jonathan Schrader, appeared before Your Honor for a change of plea hearing.  On this same date, the defendant, via defense counsel, requested that he be released pending further proceedings in this matter.  At that time, Your Honor directed the United States Probation Office to undertake a home study of the defendant's proposed release address.

On April 8, 2015, the undersigned conducted a home assessment at 46 Diamond Street in Elkins, Randolph County, West Virginia.  The residence is reported to be owned and occupied by Jeffery Graham.  Also residing at the said residence is the defendant's mother, Cheryl Lynnette Worch.  During the said contact, Ms. Worch advised that she was willing to permit the defendant to reside at the residence.

Nonetheless, based on the following factors, it is this officer's opinion that the proposed residence would not be considered a suitable release plan for this defendant:  1) The residence is located in close proximity to an active day care, see attached photo; 2) The defendant's mother, Cheryl Worch, acknowledged that prior to his arrest for the instant offense, the defendant had advised her that he had stored C4 at the residence of 46 Diamond Street in Elkins, West Virginia.  This officer will note that Ms. Worch advised that she had instructed the defendant to remove the said C4, however, it appears that she failed to contact law enforcement regarding this unlawful possession; and, 3) The proposed residence has multiple exterior surveillance cameras which are monitored within the interior of the residence.  While this may not be a sole reason to exclude this residence, the undersigned will identify this issue as it could create a safety hazard for supervising officers conducting home contacts.

Page 2
April 9, 2015

Should the Court have any questions or concerns, I am available at the Court's convenience.

Respectfully,

Brian E. Kilgore
U.S. Probation Officer

BEK/pjc

Encl.



